IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARTAVIOUS DETREL BANKS KEYS, §<br>  #54274-177, §<br>               MOVANT, §<br> §<br>v. §<br> §<br> §<br>UNITED STATES OF AMERICA, §<br>               RESPONDENT. § | <br><br><br><br>CIVIL CASE NO. 3:19-CV-3086-N-BK<br>(CRIMINAL CASE NO. 3:16-CR-244-N) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Detrel Banks Keys' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be **DENIED**.

**I. BACKGROUND**

Keys was convicted by a jury of two counts of sex trafficking of a child and one count of sex trafficking through force, fraud, or coercion and was sentenced to life imprisonment. Crim. Doc. 92.[1] His conviction was affirmed on direct appeal. *United States v. Keys*, 747 F. App'x 198 (5th Cir. 2018). On January 8, 2020, Keys filed this timely § 2255 motion, alleging the trial transcript was incomplete as it omitted "substantial and significant" portions of the testimony from John Doe 2 and a statement from Prospective Juror 18, who became Trial Juror #9. Doc. 3 at 7. Based on the allegedly missing portions of the transcript, Keys asserts (1) ineffective

---

[1] All "Crim. Doc." citations refer to the related criminal case: *United States v. Keys*, No. 3:16-CR-244-N (N.D. Tex. June 23, 2017).

assistance of trial counsel (grounds 2-4) and (2) a violation of his due process rights on direct appeal because his appellate counsel allegedly did not have access to a complete and accurate trial transcript (ground 6). Doc. 3 at 7-8, 11. Keys also maintains that his right to a speedy trial was violated (ground 5). Doc. 3 at 11.

The Government has filed a response opposing § 2255 relief. Doc. 8. Keys has filed a reply, in which he also presents new ineffective-assistance claims. Doc. 21 at 3-4.

Upon review, the Court finds that (1) Keys' first, fifth, and sixth grounds are procedurally barred, (2) his claims of ineffective assistance of trial counsel fail, and (3) leave to amend should be denied as to his newly raised and untimely claims.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a movant stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under Section 2255, a movant can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To succeed on a claim of ineffective assistance of counsel, a movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. "[A] court must indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citation omitted).  Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Claims in Grounds 1, 5, and 6 are Conclusory, Procedurally Barred, and Meritless

In the first ground, Keys complains of "substantial and significant omissions from [his] trial transcript." Doc. 3 at 7.  He asserts *in toto*: "Jane Doe 2 stated during trial[,] yes she was told what to say by government [but] it was missing from trial transcript[,] and also prospective juror #18 stated he didn't think he could be fair because he had a daughter[,] and his conversation is missing from trial transcript." Doc. 3 at 7.  In his fifth and sixth grounds, Keys vaguely asserts violations of his "[s]peedy trial rights" and "[d]ue process right to first appeal." Doc. 3 at 11.  He avers *in toto*:

> Prosecutor filed a motion for continuance stating, daycare was closed for the holiday and she didn't have a babysitter.  Trial attorney Mr. Coffer responded to the motion and then prosecutor changed reason continuance.
>
> ***
>
> I didn't receive a complete transcript of the proceeding at trial.  Testimonial facts were excluded from trial transcripts that was made by JD2 [John Doe 2], trial attorney, and juror #9.  I was represented by counsel different on appeal than at trial.  Even though a jury heard evidence, it was not accurately there for appeal counsel and appellate court.

Doc. 3 at 11.

Keys claims are unsubstantiated and conclusory.  He presents no evidence that any portions of the transcripts are in fact missing.  Having failed to raise these issues on direct appeal, they are also procedurally defaulted absent a showing of both (1) cause excusing his

procedural default and (2) actual prejudice resulting from the error. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). An exception to the cause and prejudice requirement is reserved for the "'extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Keys does not allege anything that would meet the actual innocence requirement and only mentions without adequate briefing that appellate counsel was ineffective in failing to raise these issues on direct appeal or to investigate them further. Doc. 21 at 2. He avers appellate counsel "should have press [sic] these issues because he knew about them, [and] because I wrote him and told him to address these issues specificly [sic]." *Id.* Under these circumstances, Keys fails to establish either deficient performance or prejudice. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland* standard in evaluating the ineffective assistance of appellate counsel).

On direct appeal, Keys' counsel raised two issues: (1) Count One and Count Three of the indictment were multiplicitous and (2) the district court erred in admitting the testimony of two law enforcement officers. *Keys*, 747 F. App'x 198, 200-01. Appellate counsel, "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith*, 528 U.S. at 288 (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). It is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*, 463

U.S. at 752; *Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003) (noting counsel's obligation to raise only issues that are believed to have the best chance of success).

Keys has not demonstrated the issues that he contends appellate counsel should have raised were clearly stronger than the issues counsel did pursue on direct appeal. *See Smith*, 528 U.S. at 288 ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome[.]" (citations omitted)). Keys posits merely that his claims were "obvious" and that the omissions of "testimonial facts" prejudiced him on appeal. Doc. 21 at 1-2. Additionally, his conclusory assertions do not "affirmatively prove" that he was prejudiced by appellate counsel's alleged deficient performance. *Strickland*, 466 U.S. at 693; *Williamson*, 183 F.3d at 463. Under these circumstances, Keys cannot prevail on his claim of ineffective assistance of counsel on appeal. As such, his claims are procedurally barred.

**A. Claims of Ineffective Assistance of Trial Counsel Fail (grounds 2-4)**

Keys bases his ineffective assistance claims against trial counsel exclusively on his unsupported allegation that the trial transcript omitted important "testimonial facts" from Jane Doe 2 and Prospective Juror #18, who became Juror #9. Doc. 3 at 7 (ground 1). He contends his trial counsel was ineffective in failing to (1) strike Prospective Juror #18, (2) object to Jane Doe 2's supposedly omitted testimony that she was coached what to say, and (3) move for a mistrial based on Jane Doe's alleged testimony. Doc. 3 at 7-8 (grounds 2-4). He alleges *in toto*:

> Jane Doe 2 was asked by trial attorney were she coerce and she stated, she didn't understand the question. Attorney then asked did they (the government) tell you what to say, and she said yes. Then trial attorney stated to Judge no further question your honor.

\*\*\*

> During vior [sic] dire prospective juror #18 stated he didn't think he could be fair because he had a daughter and yet became juror #9.
>
> ***
>
> Based upon Jane Doe 2 stating "yes" she was told what to say by government during cross examination by trial attorney. Trial attorney should have moved for a mistrial.

Doc. 3 at 7-8. As illustrated, Keys' claims are fatally vague and conclusory. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) (refusing as conclusory claim of ineffective assistance of counsel). Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (per curiam) (internal quotation and citation omitted) (declining to consider vague ineffective assistance of counsel claim); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Moreover, Keys does not allege, much less establish, that Prospective Juror #18 was biased. He also does not present any possible evidentiary basis to object to Jane Doe 2's alleged testimony. Keys also fails to rebut the strong presumption of reasonableness that attaches to trial counsel's decisions at trial, such as which jurors to challenge and what evidentiary objections to raise. *Strickland*, 466 U.S. at 689 (summarizing the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the challenged action 'might be considered sound trial strategy'" ); *Canfield v. Lumpkin*, 18-10431, ---- F.3d ---, 2021 WL 2024940, at *4 (5th Cir. May 21, 2021) ("Counsel is not expected to be a 'flawless strategist or tactician' and he 'may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities.'" (quoting *Harrington v. Richter*, 562 U.S. 86, 110 (2011)). Accordingly, Keys' ineffective assistance of counsel claims fail.

### B. Keys' Newly Raised Claims Are Time Barred

As stated *supra*, Keys raises new claims of ineffective assistance of counsel in his February 23, 2021 reply. Doc. 21 at 3-4. He now asserts trial counsel failed to (1) object to evidentiary rulings that barred evidence of Jane Doe 1 and her past behavior and statements to the police, (2) secure a drug addiction expert witness, and (3) challenge the racial makeup of the nearly all-white jury. Keys also claims appellate counsel should have raised on appeal the same evidentiary and jury-selection issues and challenged the enhancement of his sentence based on the alleged rape of the victims.

In its initial *Order and Instructions to Parties*, the Court cautioned Keys that a reply "shall not include any new allegations of fact or new grounds for relief." Doc. 4 at 2. The Court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government filed its response. *Cf. United States v. Cervantes,* 132 F.3d 1106, 1111 (5th Cir. 1998) (finding district court was not required to consider affidavits submitted after the government filed its response). Even assuming Keys now seeks leave to amend to raise new claims, the one year statute of limitations elapsed on January 7, 2020—one year after the Supreme Court denied his certiorari petition on January 7, 2019 (Crim. Doc. 116)—and over one year before he filed his reply. Moreover, Keys' new claims are based on legal theories and facts different from those underlying his original ineffective assistance claims; as such, they do not relate back to the original claims and are untimely. *See* Fed. R. Civ. P. 15(c)(1)(B); *Mayle v. Felix,* 545 U.S. 644, 664 (2005) (finding claims "tied to a common core of operative facts" as the claims in the original petition will relate back); *Felix,* 545 U.S. at 650 (holding "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" does not relate back and, thus, is time barred); *United States v. Gonzalez,* 592 F.3d 675,

680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision."). Consequently, leave to amend should be denied as to Keys' newly raised and untimely claims.

### III. EVIDENTIARY HEARING NOT REQUIRED

Keys contends that he is entitled to an evidentiary hearing to resolve his ineffective assistance claims. Doc. 21 at 4. However, "[w]hen the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *Cavitt*, 550 F.3d at 442). Because Keys' claims lack merit for reasons wholly supported by the record, as previously noted herein, no evidentiary hearing is required.

### IV. CONCLUSION

Keys' Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on December 13, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).